ALBERT HAGAN, Appellant, *v.* THE STATE OF KANSAS, Appellee.

*Criminal Appeal from Morris County.*

The place of the alleged offense of selling intoxicating liquors without license, must be so described in the indictment as that an officer execu-

ting process would be able to identify it. One reason is because, under the "dramshop" act, all places where intoxicating liquors are sold in violation thereof, may be shut up and abated as public nuisances.

In such a case, a description in the indictment "that Albert Hagan, on or about the 18th day of November, A. D. 1865, a certain frame building used and occupied by the said A. J. Hagan as a store in Council Grove, in the county of Morris aforesaid, did, without taking out a license as a grocer, dramshop keeper or tavern keeper, sell spirituous, vinous and other intoxicating liquors, to John Schmidt, contrary," &c., *held* bad on motion to quash.

*Held,* that it is error, in such a case, for the court to refuse to instruct the jury that they "must believe, from the evidence, that the place where the liquor was sold was the same place described in the indictment, before they can convict." *Held,* that the place where the offense is charged to have been committed, must be proved as laid.

The following is the body of the indictment in the court below. The subjoined opinion contains a further statement of the proceedings under it:

"*The State of Kansas* v. *Albert Hagan.*

"Selling intoxicating liquors without having a license. The jurors of the grand jury of the State of Kansas, impanneled, sworn and charged to inquire of offenses committed within the said county of Morris, in the name and by the authority of the State of Kansas, on their oaths, do present and find—

"That Albert Hagan, on or about the 18th day of November, A. D. 1865, in a certain framed building used and occupied by the said A. J. Hagan as a store, in Council Grove, in the county of Morris aforesaid, did, without taking out and having a license as grocer, dramshop keeper or tavern keeper, sell spirituous, vinous and other intoxicating liquors, to John Schmidt, contrary to the form of the state in such case made and provided, and against the peace and dignity of the State of Kansas."

*A. L. Williams*, for appellant.·

*Attorney General, Brumbaugh*, for the State.

·  *Williams*, for appellant, submitted :

The following indictment, bad upon its face, was filed against Hagan, who moved the court to quash it for its manifold and manifest facial imperfections. The venerable judge refused to see any evils in the document, and from that decision the defendant below appealed. A cursory glance at the indictment, which is made a part of this brief that it may not be lost to posterity, will show, 1. That the place where the liquor is alleged to have been sold is not described with that degree of certainty required by the statute ; and, 2. A considerable uncertainty as to whether Albert or A. J. Hagan is the offending party. The defendant, with considerable confidence, asserted that Albert Hagan and A. J. Hagan were neither *idem sonans* nor *idem significans*. The court, however, decided that there was but one Hagan in Council Grove who sold liquor—a decision, by the way, which showed that the court was more familiar with the facts of the case than with the law.

*By the Court*, SAFFORD, J.

The record shows that Albert Hagan was indicted in the district court of Morris county, for selling liquor without a license.

The body of the indictment is as follows :

"That Albert Hagan, on or about the 18th day of November, A. D. 1865, a certain frame building

used and occupied by the said A. J. Hagan as a store, in Council Grove, in the county of Morris aforesaid, did, without taking out and having a license as grocer, dramshop keeper, or tavern keeper, sell spirituous, vinous, and other intoxicating liquors, to John Schmidt, contrary," &c.

The defendant moved to quash the indictment, insisting as the principal ground, that it was not sufficiently certain as to the place where the liquor was sold. The court overruled the motion, and the defendant was tried and convicted.

Had the allegation as to the place been in this form, to wit: "That Albert Hagan, in a certain frame building used and occupied by the said Albert Hagan as a store, in Council Grove, in the county of Morris aforesaid, did sell," &c., this case might have come within the scope of the decision of this court in the case of the State *v.* Muntz.* But as the place, is in fact, described in this indictment, that case can have no application in this respect.

Here the offense is charged as having been committed by Albert Hagan, a certain frame building used and occupied by the said A. J. Hagan as a store, &c. Did the pleader mean to say that the store was used and occupied by the said Albert Hagan? Or can *we say* that he so meant to be understood, if indeed such were the case? Would it not be more reasonable to conclude that the words, "the said A. J. Hagan," referred to some other party than Albert Hagan? It is a well settled principle that, in all cases of this kind, and arising under similar statutes, the place of the alleged offense must be so described in the indictment

* 3 Kans. R., 383.

as that an officer executing process would be able to identify it; and the reason for requiring such particularity as applicable to this case, will become obvious, when we call to mind the fact that under the provisions of our so-called dramshop act, all places where intoxicating liquors are sold in violation thereof, may be shut up and abated as public nuisances.

Now, could an officer having a process describing the place as in this indictment, identify it with certainty? In fact, could he act at all without doing violence to, and disregarding some portion of it?

We think such a description must be held bad.

But it is claimed that the court below erred as to another point material in this case. Upon the trial the defendant asked that the following instruction be given to the jury, which was refused: "4th. The jury must believe from the evidence that the place where the liquor was sold, was the same place described in the indictment, before they can convict."

This action of the court was clearly erroneous; since there is no better settled rule in criminal jurisprudence than that the place where the offense is charged to have been committed must be proved as laid.

Other alleged errors need not be considered. The judgment of the district court is reversed.

All the justices concurring.