THE STATE OF KANSAS, *Appellee,* v. KATHERINE TASSELL, *Appellant.*

No. 17,998.

SYLLABUS BY THE COURT.

INFORMATION—*Indorsing Names of Witnesses—Judicial Discretion.* When an information charging a misdemeanor was filed the names of the witnesses were not indorsed thereon. Eleven days before the trial and without leave of court the county attorney indorsed the names of the witnesses on the information. Before the trial began and over the objections of the defendant permission was given the county attorney to reindorse the names of the witnesses on the information. *Held,* that the rulings allowing the indorsement of the names of the witnesses and the reception of their testimony was within the discretion of the trial court and that its action was not an abuse of discretion.

Appeal from Shawnee district court, division No. 2. Opinion filed October 12, 1912. Affirmed.

*Chas. S. Briggs,* of Osage City, for the appellant.

*John S. Dawson,* attorney-general, and *Ernest R. Simon,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: In an information Katherine Tassell was charged with violation of the prohibitory liquor law, and was convicted of a sale and also of

maintaining a nuisance. The names of witnesses were not indorsed on the information when it was filed, on August 31, 1911, but on September 23, 1911, the county attorney, without leave of court, did indorse on the information the names of the witnesses then known to him. On October 4, 1911, when the case was called for trial, motions to quash the information and to strike it from the files were made by the defendant on the ground that the names of the witnesses were not indorsed on the information at the time it was filed and that they were subsequently indorsed thereon without permission of the court. The county attorney thereupon asked leave of the court to reindorse on the information the names which he had previously indorsed thereon. This application was granted and the motions of the defendant to quash and strike were overruled.

The question presented on this appeal is whether the ruling granting permission to reindorse the witnesses' names on the information is a ground of reversal. The criminal code provides that the county attorney shall subscribe his name to an information and indorse thereon the names of witnesses then known to him, and that if other witnesses become known to him afterward these also may be indorsed at such times before the trial as the court may, by rule or otherwise, prescribe. (Crim. Code, § 67.) It is contended that an information not signed by the county attorney as the statute provides would be invalid, and that if witnesses' names are not indorsed thereon as the statute directs when the information is filed it, too, is necessarily invalid. The indorsement of the witnesses' names on the information is no part of the charge which the defendant is required to meet, and whatever may be the effect of an omission to sign an information it is clear that the failure of the county attorney to indorse the names of witnesses thereon when it is filed is not fatal. Even if the indorsement

The State v. Tassell.

was treated as a part of the information there is authority to amend it in substance and form at any time before the defendant pleads. Under the statute it is the duty of the county attorney, of course, to make the indorsement, so that the defendant may make inquiry concerning the standing and credibility of the witnesses who are to testify against him. The requirement, however, is not so mandatory or essential that noncompliance with it necessarily invalidates the information or defeats the prosecution. It has been decided that there is nothing in the statute which would have the effect of prohibiting the receiving of the testimony of a witness who became known to the prosecution after the trial began and whose name was never indorsed on the information. (*The State v. Dickson*, 6 Kan. 209.) It has been determined that the court is vested with discretion to allow the names of witnesses to be indorsed on the information after it has been filed and even during the trial, and that unless there is an abuse of that discretion the defendant has no cause to complain. In *The State v. Cook*, 30 Kan. 82, 1 Pac. 32, it was said:

"The prosecution ought not to be defeated simply because the county attorney does not indorse the names of the witnesses at the time of the filing the information, or before the trial, for often, during the progress of the trial, a necessity arises for the introduction of evidence which could not have been anticipated on the part of the prosecution before the commencement thereof. . . . In all cases where the request to indorse the names of witnesses upon the information during the trial is made in good faith, and to promote justice, the court has the authority to grant the same, keeping in view the just administration of the criminal laws and the right of the defendant for reasonable time to prepare to meet unexpected evidence." (p. 85.)

(See, also, *The State v. Sorter*, 52 Kan. 531, 34 Pac. 1036; *The State v. Reed*, 53 Kan. 767, 37 Pac. 174;

*The State v. Price,* 55 Kan. 606, 40 Pac. 1000; *The State v. McDonald,* 57 Kan. 537, 46 Pac. 966.)

The discretion vested in the court should, of course, be cautiously exercised, and to that end should require the county attorney to act with good faith and not permit the bringing in of important witnesses without the defendant having an opportunity to make due inquiry into their standing and credibility. In this case, however, abundant opportunity for this purpose was given, as the names of the witnesses who testified at the trial on behalf of the state were indorsed on the information eleven days before the trial was had. No postponement of the trial was asked because of a want of information in regard to the witnesses, and it does not appear that any prejudice was suffered because the indorsement was not made at the time of filing the information.

The judgment is affirmed.