No. 22,507.

THE STATE OF KANSAS, *Appellee,* v. GEORGE PACK, *Appellant.*

SYLLABUS BY THE COURT.

1. LARCENY—*Indorsement of Names of Witnesses on Information.* It was not error to permit the county attorney, upon the case being called for trial, to indorse the names of two witnesses upon the information, no claim of surprise or request for delay being made by the defendant, and the record failing to show that either of these witnesses was used on the trial.

2. SAME—*Sufficient Proof of Ownership of Stolen Property.* The ownership of the property in question was sufficiently shown.

3. SAME—*Venue—Judicial Notice of Location of Cities.* This court takes judicial notice that the city of Gardner is in Johnson county.

4. SAME — *Instruction — Circumstantial Evidence.* An instruction given touching the sufficiency of circumstantial evidence examined, and held proper.

5. SAME—*Evidence Sustained Conviction.* The circumstances and the actions of the defendant being inconsistent with the ordinary conduct of an innocent man, the verdict of the jury, finding the defendant guilty, will not be overturned.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed January 10, 1920. Affirmed.

*John T. Little, C. B. Little,* and *H. L. Burgess,* all of Olathe, for the appellant.

*Richard J. Hopkins,* attorney-general, *C. W. Gorsuch,* county attorney, and *J. D. Johnston,* of Olathe, for the appellee.

The opinion of the court was delivered by

WEST, J.: The defendant, having been convicted of the larceny of a Ford touring car, 1918 model, of the alleged value of $400, appeals and assigns as error the ruling of the trial court in permitting the indorsement on the information of the names

of certain witnesses, in giving and refusing certain instructions, and in overruling a motion for a new trial.

The record shows that when the case was called the county attorney was permitted to indorse on the information the names of two witnesses. It is stated in the defendant's brief that the indorsement was made over the objection of the defendant, without assigning any reason therefor, and without showing any diligence to indorse them at the time of the filing of the information. But, as the record does not indicate that any suggestion was made that the defense was taken by surprise or desired any extra time to prepare for trial, or that either of these witnesses was placed upon the stand, nothing prejudicial is presented. The statute provides that the county attorney shall indorse the names of the witnesses known to him at the time of the filing of the information and "shall also indorse thereon the names of such other witnesses as may afterward become known to him, at such times before the trial as the court may by rule or otherwise prescribe." (Gen. Stat. 1915, § 7976.) No authorities are cited to support this claim of error. It must be held that the ruling was a proper exercise of discretion. (*The State v. Tassell,* 87 Kan. 861, 126 Pac. 1090; *The State v. Hoerr,* 88 Kan. 573, 581, 129 Pac. 153.)

The remaining frailties alleged to have marked the progress of the trial relate to the value, the venue, and the ownership. The latter point is not urged in counsels' brief and need not be considered. Mr. Stockmyer, named as owner in the information, and presumably the prosecuting witness, testified—

"That on and prior to the 20th day of March, 1919, he was the owner of a five-passenger touring car, model 1919, No. 2,383,736, and Kansas license tag 163,171, and that he obtained the car on December 17, 1917, and that he paid $405.80 for it. That the reasonable market value was $400 or possibly $450. . . . I discovered the whereabouts of my car on April 11th."

In other parts of his testimony he spoke of it as his car, and other witnesses referred to it as his. The record, therefore, furnishes evidence sufficient to sustain the alleged ownership.

As to the venue, which was charged to be Johnson county, the testimony was undisputed that the larceny occurred at Gardner; that the sheriff of Johnson county was called upon to look for the car; and that it was found in the defendant's

garage in Gardner, where he had lived for fifteen or sixteen years. We take judicial notice where Gardner is located, and we are not at all troubled over the suggestion that there are divers Gardners in the United States, counsel failing to intimate that there is more than one in the state of Kansas. (*The State v. Brooks,* 8 Kan. App. 344; *K. C. Ft. S. & G. Rld. Co. v. Burge,* 40 Kan. 736, 21 Pac. 589; *The State v. Dollar,* 88 Kan. 346, 128 Pac. 365.)

The late Honorable A. L. Williams once complained in a brief that, "The defendant with considerable confidence asserted that Albert Hagan and A. J. Hagan were neither *idem sonans* nor *idem significans.* The court, however, decided that there was but one Hagan in Council Grove who sold liquor—a decision, by the way, which showed that the court was more familiar with the facts of the case than with the law." (*Hagan v. The State,* 4 Kan. 89.) We assert and hold, however, that there is but one city named Gardner in the state of Kansas, and that is in Johnson county.

The defendant requested an instruction that—

"A conviction may rest upon circumstantial testimony alone but the facts and circumstances must be such as are absolutely incompatible upon any reasonable hypothesis with the innocence of the accused, and incapable of explanation upon any reasonable hypothesis other than that of the guilt of the accused."

The court charged that—

"When the State relies upon circumstantial evidence alone for proof the rule is that all the links in the chain of evidence must be established by the evidence beyond a reasonable doubt. This does not mean, however, that every particular fact going to make up a link in the chain of evidence must be established beyond a reasonable doubt, but you must be satisfied from the whole evidence, beyond a reasonable doubt, of the truth of the several links, and each of the several links in the chain of circumstances."

This is a correct statement of the law. (*The State v. Furney,* 41 Kan. 115, 21 Pac. 213.) Corpus Juris (Vol. 16, p. 765), gives the two lines of authority touching the necessity of proving beyond a reasonable doubt each link in a chain of circumstances. Ruling Case Law (Vol. 10, p. 1014, § 205), thus states the rule:

"It is not necessary that each essential fact in a chain of circumstances solely relied on to connect the accused in a criminal case with the com-

The State v. Pack.

mission of an offense, when separately considered, should be found beyond a reasonable doubt, as one essential fact may derive such support from others immediately connected therewith as to exclude all doubt of its existence; but if a conviction depends entirely on different circumstances, arranged linkwise, connecting the defendant with the crime charged, then each and every one of these must be established beyond a reasonable doubt."

In the case cited in support of this, *State of Iowa v. Cohen*, 108 Ia. 208, "linkwise" is explained. We take the court there to have meant, and the true basis of the rule to be, that if certain essential circumstantial facts are relied on to make up a chain of circumstances connecting the defendant, then each one must be proved beyond a reasonable doubt. For instance, the death of the victim, the proximity of the deceased, and his tracks leading away from the place of the tragedy. But if, to make up one of these essentials, it was necessary to show that the defendant had two pairs of shoes which would leave different imprints, and he claimed to have had the other pair on at the time, the identity of the ones making the tracks found need not to be proved beyond a reasonable doubt. Even the prosecution of a criminal case does not require impossibilities, and such an impractical and unnecessary degree of proof in the instance cited might well be impossible.

It was argued that the evidence was not sufficient to support the verdict, and that therefore a new trial should have been granted. There is a dearth of direct and positive testimony, but the jury, drawn from the body of the county where the defendant had lived the entire forty-two years of his life, were convinced of his guilt, and the circumstances shown justify the conclusion. He was found in possession of the car and gave an unsatisfactory explanation as to how it had come into his hands. It had been changed in several parts and the number appeared to have been tampered with, and it was testified, without objection or dispute, that he acted "scared" when accused by the owner of the theft. "He would swallow three or four or five times, and gulp like, when I was talking to him." These are not the indicia of one's *bona fide* possession of his neighbor's property, and we see no reason for overturning the verdict.

The judgment is affirmed.