No. 25,780.

THE STATE OF KANSAS, *Appellee,* v. RALPH URBAN, *Appellant.*

SYLLABUS BY THE COURT.

1. GRAND LARCENY—*Names of Witnesses Indorsed on Information After Case Called for Trial.* In a prosecution for grand larceny the indorsement of names of witnesses on an information after the case is called for trial is held not to have been prejudicial.

2. SAME—*Information—Title to Stolen Property—Laid Either in Owner or Person from Whom Stolen.* In an information charging larceny the title to the property may be laid either in the owner or the person from whom the property was stolen.

3. SAME—*Questions Propounded to Witnesses by Trial Judge Not Improper.* It is not error for the trial judge to propound questions to witnesses as may be necessary to elicit pertinent facts in order that the truth may be established.

4. SAME—*Instructions Covered All Material Facts.* The instructions examined and held to have fairly covered the material facts.

5. SAME—*Assignments of Error Not Well Founded.* Various assignments of error considered, and held not to be well founded.

Appeal from Rawlins district court; WILLARD SIMMONS, judge. Opinion filed November 8, 1924. Affirmed.

*J. P. Noble,* of Oberlin, and *C. A. P. Falconer,* of Atwood, for the appellant.

*Charles B. Griffith,* attorney-general, and *Earl E. Howard,* county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant, who was charged with having stolen some harness, was convicted of grand larceny and appeals.

The defendant first contends that the court erred in permitting the state to indorse additional names on the information after the case was called for trial. He was arrested in November, 1923. The case was tried the latter part of March, 1924. He claims that some of the witnesses whose names were indorsed after the case was called for trial were the most important produced by the state; that the county attorney knew the importance of their testimony and should have earlier indorsed their names on the information. It is a matter resting in the sound discretion of the trial court whether or not the names of witnesses may be indorsed during a trial or after a case is called for trial. Continuances are sometimes caused, at no small cost, by failure of the state to indorse the names of witnesses on the

information where the defendant is not prepared to meet their testimony and for that reason is entitled to a continuance. In the instant case, however, no continuance was requested, nor does the defendant appear to have been prejudiced by the action of the court in permitting the names to be so indorsed. Under the circumstances we cannot say that the trial court abused its discretion or that the substantial rights of the defendant were prejudiced. (See *The State v. Logue,* 115 Kan. 391, 223 Pac. 482, and cases cited; *The State v. Buckle,* 116 Kan. 51, 225 Pac. 1035.)

The defendant complains of the admission of the harness in evidence. It was shown to belong to C. E. Koontz, while the information laid the ownership in W. O. Koontz. The evidence, however, disclosed that W. O. Koontz was the son of C. E. Koontz; that the son leased a farm, farm machinery and other chattels from the father and had the right to the exclusive use, possession and control of the harness in question. Who had the legal title to it was of no concern to the defendant. (*The State v. Bartholomew,* 116 Kan. 590, 227 Pac. 366, and cases cited. See, also, *Davis v. Sim,* 100 Kan. 66, 163 Pac. 622.)

Complaint is made that the court supplemented the examination by the county attorney by a number of questions to various witnesses, and that such examination, considered with other alleged indiscretions, so prejudiced the defendant's rights as to entitle him to a new trial. It is not beyond the province of the trial judge to propound such questions to witnesses as may be necessary to elicit pertinent facts in order that the truth may be established. In fact, he should not sit still and see justice defeated through failure to ask pertinent questions. (See 28 R. C. L. 587, 16 C. J. 831; and cases cited by both authorities.) We are unable to say that defendant's rights were prejudiced by the questions propounded by the trial court.

Error is predicated on the giving of a special instruction after several hours deliberation by the jury. The case was given to the jury about noon. At eight o'clock in the evening, at the request of the jury, they were returned into court and asked the court two questions: First, "Have we a right to recommend a parole?" Second, "Have we a right to recommend mercy?" In answer thereto the court told the jury:

". . . That, as to the matter of mercy or clemency you have nothing to do, . . . and the only question for you to decide and determine is . . . the guilt or innocence of the defendant. . . . As to the penalty you have

nothing to do, and such question should not in any way influence you in arriving at a verdict. As to the matter of parole from any sentence, this is a matter wholly for the court or judge to decide, and of that you have nothing to do. . . . While the court does not pass on any such question until the time comes, personally I believe any court would value the recommendation or suggestion of the jury more than the ordinary citizen or business man, but the court will say that you have the right, after doing your duty under your oath in returning a verdict, to make such recommendations or request as your good, honest judgment dictates."

After a further deliberation of two hours, the jury found the defendant guilty and "recommended a parole." It is strongly contended by the defendant that the language, "that after doing your duty under your oath in returning a verdict," etc., was in effect an instruction to find the defendant guilty. We do not so construe the instruction and do not believe the jury were misled by the language. The jury undoubtedly believed that the court meant that they had the right, after doing their duty in returning a verdict, if they found the defendant guilty, to recommend a parole. While the language was not clear, and we cannot put our stamp of approval upon it, we cannot regard it as prejudicial to the rights of the defendant, and unless it did affect his substantial rights there should be no reversal. (R. S. 62-1718.)

Error is claimed in the giving of certain instructions and the refusal to give others. We have examined the record and conclude that the requested instructions were properly refused, and that the instructions given fairly covered the issues in the case. Other objections raised have been considered, but we find nothing which would warrant a reversal.

The judgment is affirmed.

HARVEY, J. (dissenting): There is no reason why the court should not tell the jury the law in respect to the punishment, and that is that the jury has nothing to do with the punishment. Their function is to decide the question of the guilt or innocence of the defendant, and the question of the extent of the punishment that will be imposed in the event they find him guilty should not be taken into consideration by them. This instruction might properly be embodied in the instructions given to the jury in the first instance, as some of the trial courts habitually do in criminal cases. Under our law the punishment for most offenses is an indeterminate sentence, hence the trial court has nothing to do with the extent of the punishment. It is true that for some offenses the court is authorized to issue a

parole, but the question of whether a parole should be issued is one that should never be taken into consideration either by the court or by the jury in determining the guilt or innocence of the defendant. The real test is, Would this instruction have been prejudicially erroneous if given as one of the instructions in the first instance? I think no one will contend that it would not have been error. Why is it not error, then, if given at a time in the deliberations of the jury when the question of punishment is the only thing preventing a verdict?