No. 29,257.

THE STATE OF KANSAS, *Appellee*, v. COURTNEY MORRIS, *Appellant*.

(291 Pac. 742.)

Opinion filed October 11, 1930.

*Edwin Anderson,* of McPherson, and *Stanley W. Howe,* of Florence, for the appellant.

*William A. Smith,* attorney-general, and *James L. Galle,* county attorney, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Courtney Morris was prosecuted upon four counts of an information for having intoxicating liquors in his possession and for sales of the same, and was convicted on the first and second counts, one for having in possession and the other for a sale. In his appeal he assigns as error the overruling of a motion to quash the information on the ground that it did not charge a public offense.

This case belongs to a class that appears here again and again, and the court is asked, it might be said, to thresh over old straw, or harp on the same string, and rarely is anything new presented for review. The information is assailed on the ground that it does not state a public offense, but it appears to have been in due form and is sufficient except that James T. Griffith, the sheriff, who had

made the original complaint, was named in the information as informant instead of the county attorney. The latter had signed the information and the naming of Griffith in the body of the information was manifestly a clerical error. After arraignment and the impaneling of the jury, and when the first witness was called, the question of the sufficiency of the information was raised. Then the county attorney asked and obtained leave to amend the information by substituting his own name for that of Griffith. The amendment, a mere matter of form, did not embarrass the defendant in making his defense, and besides the allowance of the amendment was a matter within the discretion of the court. An amendment of substance as well as of form is permissible after a plea of guilty. (*State v. Chance,* 82 Kan. 388, 108 Pac. 789.) Indeed, amendments have been allowed and upheld after one trial of a defendant has been had and a new trial has been granted. (*State v. Hart,* 33 Kan. 218, 6 Pac. 288; *State v. Spendlove,* 47 Kan. 160, 28 Pac. 994.) There was no error in the ruling.

Complaint is made that the court permitted the indorsement of the names of witnesses upon the information after the arraignment of the defendant, and their testimony was subsequently received. The county attorney stated that the indorsement was not made earlier because he did not know that these persons could be used as witnesses. It has been determined that the court is vested with discretion in allowing the names of witnesses to be indorsed on the information after it is filed and even during the trial. Testimony of witnesses who became known to the prosecution after the trial started has been received, although their names were never indorsed on the information. (*State v. Tassell,* 87 Kan. 861, 126 Pac. 1090; *State v. Hoerr,* 88 Kan. 573, 581, 129 Pac. 153.) Near the end of the trial another witness was called to testify in rebuttal of some testimony offered by the defendant, and over objection he was allowed to testify although his name was not indorsed, but in that instance the court limited his testimony strictly to rebuttal. There was no error in receiving the testimony of these witnesses.

Other objections are made, but they are obviously immaterial and do not warrant discussion. The evidence, it appears, fully supports the conviction, leaving no room for inquiry as to its sufficiency.

The judgment is affirmed.