No. 29,569.

THE STATE OF KANSAS, *Appellee*, v. SAM BAUMAN, *Appellant*.

(298 Pac. 772.)

Opinion filed May 9, 1931.

*C. L. Kagey, Leon W. Lundblade* and *L. M. Kagey,* all of Beloit, for the appellant.

*Roland Boynton,* attorney-general, *R. O. Mason,* assistant attorney-general, and *Harry A. Lanning,* county attorney, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: The defendant was convicted of the offenses of forging and uttering a bank check, and appeals.

The defendant lived with his parents on a farm northeast of Seneca, in Nemaha county. The prosecuting witness testified that on the evening of May 29, 1929, the defendant presented a check to her at her drug store in Seneca; that the check purported to be signed by Ernest Ulmer and was payable to Amos Ulmer in the sum of $10; that the defendant indorsed the check in her presence; that she gave him $9.50 in money and fifty cents in merchandise, and that in July, 1929, when she met the defendant in the county attorney's office, she identified him as the person who had presented the check. When the defendant was confronted with the check by the undersheriff and county attorney he denied having written the check, and at their request wrote copies of it. A handwriting expert was called and testified that the handwriting and signature on the check in question and the checks identified by the county attorney as having been written by the defendant were written by the same hand. Ernest Ulmer testified that he did not sign the check in question and did not authorize anyone to sign it for him. Amos Ulmer testified that he did not indorse the check.

The defendant introduced testimony to the effect that he bore a good reputation in the community in which he resided and testified in his own behalf that he did not write, indorse or cash the check, and that he was not in the drug store of the prosecuting witness on the night of May 29, 1929, but was at home. His father, mother and brother each testified that the defendant was at home at the time of the alleged offenses.

The defendant contends that the court erred in not granting a new trial for the reason that there was newly discovered evidence. The motion for a new trial was heard and denied on the 23d day of December, 1929. On February 24, 1931, R. M. Emery, Jr., one of the attorneys for the defendant, made an affidavit, the material part of which is as follows:

"That on the morning the motion for a new trial came up before the above

court, affiant was called over the telephone by Alice Williams, a neighbor of defendant, who stated that she understood the motion for a new trial was coming up, and the Baumans wanted her to come in, but it was so muddy she could not do so. That said Alice Williams stated to affiant over the telephone that neither she nor the other neighbors of defendant believed he was guilty, but that they felt that Miles Allen, Jr., who had committed suicide sometime prior to the arrest of Sam Bauman, was the guilty party, and for me to convey this information to Judge C. W. Ryan for her, and that if necessary she would come in, and make the same statement in open court.

"That when the motion for a new trial came up, affiant told the judge all of the above facts, and asked that the same might be incorporated in affidavit form and sworn to by Alice Williams, and filed as of that date, and as part of the motion for a new trial. The court stated that said affidavit might be prepared and filed, and that he would consider the substance thereof in said motion the same as if filed, but that it was hearsay, and would not be sufficient grounds for granting a new trial; that the jury had found the defendant guilty, and that he acquiesced in the verdict, notwithstanding the statements of Alice Williams aforesaid. That said affidavit of Alice Williams was never taken and filed, but that thereafter Lauren L. Williams and Miles L. Allen, Sr., and Harvey Allen came into the office of affiant on January 2, 1930, and affiant prepared the affidavits subscribed and sworn to by them on said date, before Elizabeth A. Troughton, a notary public of Nemaha county, Kansas, and an assistant in the office of affiant. That affiant understands that said affidavits are now in the possession of C. L. Kagey, of Beloit, Kan. That said original affidavits of said Lauren L. Williams, Miles L. Allen, Sr., and Harvey Allen were delivered by affiant to John H. Bauman, the father of defendant, to take to Beloit and to deliver to said C. L. Kagey."

The affidavits of Lauren L. Williams, Miles L. Allen, Sr., and Harvey Allen are contained in the abstract. The record does not show that these affidavits were ever filed or presented to the court, and the statements contained in these affidavits do not appear to have been called to the court's attention at the time it ruled on the motion for a new trial. Under these circumstances this court cannot consider the affidavits of Lauren L. Williams, Miles L. Allen, Sr., and Harvey Allen. (*State v. Hobl*, 108 Kan. 261, 194 Pac. 921; *State v. Brecheisen*, 117 Kan. 542, 232 Pac. 244.) The court did take into consideration, on the hearing of the motion for new trial, the statement made by Alice Williams as related by Mr. Emery in his affidavit. We think the court properly held that this testimony, if adduced, would not be admissible in the trial of the case. We conclude, therefore, that there was no error in overruling the motion for a new trial on the ground of newly discovered evidence.

The defendant also complains of the improper admission of testimony on rebuttal. The defendant denied writing the check in ques-

tion and was asked on cross-examination to write some names and checks, which were introduced in evidence without objection on the part of the defendant. In rebuttal a handwriting expert was called to the stand and permitted to testify that the exhibits written by the defendant while on the stand and the check in question were in his opinion written by the same hand. This was objected to as not proper rebuttal. The court has a wide discretion in permitting the introduction of rebuttal testimony and, unless the defendant is hampered in presenting his case by reason of the introduction of such testimony, it is not ground for reversal. (*State v. Abrams,* 115 Kan. 520, 223 Pac. 301.) The objection was properly overruled.

It is next contended that the court erred in its instructions to the jury. The court, after defining reasonable doubt, closes the instruction with the following statement, of which complaint is made:

"You should not acquit the defendant because, under the evidence, he may possibly be innocent or convict him because he is probably guilty."

The supreme court of Missouri, in *State v. Nerzinger,* 220 Mo. 36, approved an instruction which contained the following:

"If upon all the evidence you have a reasonable doubt of the defendant's guilt, you should acquit; but a doubt to authorize an acquittal upon that ground, ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of his innocence."

In *The People v. Lucas,* 244 Ill. 603, the supreme court of Illinois sustained the following instruction:

"It may be possible that the defendant is innocent and yet at the same time there may be no reasonable doubt but that he is guilty."

In *State v. Rogers,* 56 Kan. 362, 43 Pac. 256, this court held an instruction proper which contained the following:

". . . But you cannot acquit the defendant unless all the jurors entertain a reasonable doubt." (See, also, *State v. Wimer,* 97 Kan. 353, 155 Pac. 7.)

The court did not improve the well-recognized definition of "reasonable doubt" by adding the statement. It was surplusage and of no assistance to the jury in reaching a verdict. We cannot say, however, that it deprived the defendant of any of the rights and privileges extended to him under the law.

Complaint is made of the conduct of the trial judge in the examination of a witness. The defendant recognizes the rule stated by this court in *State v. Keehn,* 85 Kan. 765, 118 Pac. 851; *State v. Lower,* 110 Kan. 669, 205 Pac. 364; and *State v. Urban,* 117 Kan.

130, 230 Pac. 77; but contends that the trial court went beyond the rule announced in these cases in that there was an attempt in the question asked to entrap the witness. There is some force to the contention of the defendant in this respect in that the question propounded by the judge does carry with it a suggestion that the court did not believe the statements made by the witness were true. The suggestion was improper. However, taking into consideration the entire examination of the witness, as well as the answers made to the questions propounded by the court, we cannot say that the conduct of the judge was prejudicial to the rights of the defendant.

It is also contended that the county attorney was guilty of misconduct in the introduction of his testimony. The misconduct complained of is in the cross-examination of Mrs. Bauman, the mother of the defendant. We have examined the record with reference to this examination. The conduct of the county attorney was not prejudicial to the defendant.

No reversible error appearing, the judgment is affirmed.