No. 32,377

THE STATE OF KANSAS, *Appellee*, v. LOUIS F. VESTRING, *Appellant*.

(58 P. 2d 1087)

Opinion filed July 3, 1936.

*Walter L. Bullock,* of Dodge City, and *W. C. Pearce,* of Garden City, for the appellant.

*Clarence V. Beck,* attorney general, *Earl B. Swarner* and *Theo F. Varner,* assistant attorneys general, and *Logan Green,* county attorney, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: The defendant in this case was convicted of grand larceny in the stealing, taking and carrying away of liberty bonds on July 30, 1934, from the owner thereof in Finney county, Kansas.

The errors assigned are principally as to the instructions given and the failure to give one as requested.

The evidence shows that the bonds were found in the possession of the defendant about two and one half months after they were taken. There was no evidence showing or tending to show that the defendant took them himself from the owner. He explained both off and on the witness stand that they were sent to him by mail a few weeks before his arrest by a man whom he knew slightly. He made an effort to sell them and that led to his arrest.

Appellant alleges error in the giving of instruction No. 10, which describes the commission of a crime by an agent or other means so that one might be guilty of committing a crime, although he was not present at the scene of the crime, if he had employed or procured another person to commit the offense. The two instructions immediately preceding the tenth were concerning counseling, aiding and abetting another in the commission of an offense, and instruc-

tion No. 11 was concerning the effect of the unexplained possession of stolen property soon after it had been stolen.

Appellant cites the case of *State v. Furthmyer,* 128 Kan. 317, 277 Pac. 1019, where a similar instruction was given in a murder case and it was held that such an instruction was erroneous because "the evidence shows that the crime, if any, was committed by the defendant, and there is no evidence to show that he counseled, aided, abetted or assisted another in the commission of the crime." (Syl. ¶ 2.)

Here the evidence shows the defendant received these particular bonds by mail from a man he knew, which tends to connect the man sending them with the crime charged.

In the case of *State v. Winters,* 120 Kan. 166, 241 Pac. 1083, the defendant was charged with stealing a car at Anthony. There was no evidence of his being at Anthony when the car was stolen, but there was evidence that defendant was using and driving the car the next day at some distance from Anthony, and concerning the use of such an instruction it was said in the opinion:

"This leads to the conclusion either that he aided and abetted in the theft of the car, or, not knowing of the theft and being entirely innocent thereof, he in some legitimate way got possession of the car after it was stolen. In other words, his possession of the car so soon after it was stolen, unexplained, is just as much evidence that he aided and abetted in its larceny as it is that he actually stole it." (p. 171.)

The next assignment of error is concerning the instruction given as to circumstantial evidence, and particularly a clause therein to the effect that the jury should not acquit merely because one or more of the circumstances relied upon by the prosecution is not proved beyond a reasonable doubt. Aside from this clause the instruction is not criticized, and in fact the instruction generally gives in detail the general rules in this regard which in effect limit or modify the part criticized, especially where the closing sentence thereof requires that "the circumstances must all concur." It is as follows:

"In order to convict on circumstantial evidence, not only the circumstances must all concur to show the defendant committed the crime charged, but they must be inconsistent with any other rational conclusion than that of his guilt."

Appellant cites the case of *State v. Asbell,* 57 Kan. 398, 46 Pac. 770, which specifies the requirements in such an instruction, but limits the circumstances to be proved to those that are "necessary to constitute the offense."

In *State v. Furney*, 41 Kan. 115, 21 Pac. 213, it was held:

"Where circumstantial evidence constituting a single chain is relied upon by the state for a conviction, each essential fact in the chain of circumstances must be found to be true by the jury beyond a reasonable doubt, to warrant a conviction." (Syl. ¶ 6.)

It will be observed that it limits the matter of proof by circumstantial evidence to "each essential fact in the chain of circumstances." The trial court undoubtedly intended by the extra clause to exclude nonessential circumstances only from the general rule otherwise fully stated in the same instruction. Reading the entire instruction on circumstantial evidence as a whole, we conclude that the jury could not reasonably have been misled by the clause criticized. (See, also, *State v. Pack*, 106 Kan. 188, 186 Pac. 742; 16 C. J. 765 and 10 R. C. L. 1014.)

The third particular assignment of error concerns the introduction of exhibit No. 7, being a letter written to defendant by Arnold Porter concerning other offenses and the handling of deals, and the failure of the trial court to give the instruction requested or any other instruction limiting the use of such testimony to the matter of the credibility of the defendant as a witness. Appellant made such request at the close of the testimony and cites the case of *State v. Frizzell*, 132 Kan. 261, 295 Pac. 658. The requested instruction did not contain the feature of showing system, motive or intent as contained in the instruction given in the Frizzell case. Without regard to the additional element of intent, system or motive, an instruction limiting the consideration of evidence of other similar offenses to the matter of the credibility of the witness is generally proper and usually covered by an instruction to that effect.

Two special matters in this case, however, affect the strict application of this general rule urged by the appellant. One is the fact that the matter of other similar offenses was first brought into the case in the direct examination of the defendant, and exhibit No. 7 and other evidence about such other similar offenses were introduced and brought out more fully in the cross-examination of the defendant. Concerning the extent of the cross-examination of the defendant on such matters, even when not brought out in the direct examination, it is stated in the recent case of *State v. Pfeifer*, 143 *Kan.* 536, 56 P. 2d 442, as follows:

"A defendant who becomes a witness in his own behalf may be cross-examined concerning prior offenses not embraced in his direct examination,

and concerning subjects involving him in degradation and disgrace, although not pertaining to the charge for which he is on trial.

"The extent of cross-examination on collateral matters, for the purpose of affecting credibility, rests in the sound discretion of the trial court. . . ." (Syl. ¶¶ 2, 3.)

The other special matter as shown by the record, which may excuse the failure to give the instruction requested, is that twice during the cross-examination of the defendant concerning such similar offenses and the introduction of exhibit No. 7 the trial court, after overruling the objections of the defendant, stated such matters go to the credibility of the witness. So the jury was thus informed and advised as to the limited purpose and effect of such testimony during the progress of the trial.

For these two reasons and because the instruction requested only covered one of the two usual features along that line, we find no error in refusing to give it as such or in the introduction of exhibit No. 7 and other cross-examination as to similar offenses. Neither do we find error in the giving of the other instructions heretofore discussed herein.

The judgment is affirmed.