No. 43,973

STATE OF KANSAS, *Appellee,* v. CLARENCE WOLFE, JR., a/k/a JERRY WOLFE, *Appellant.*

(401 P. 2d 917)

Opinion filed May 15, 1965.

*James E. Fussell,* of Leavenworth, argued the cause, and was on the briefs for appellant.

*Edward J. Chapman, Jr.,* County Attorney, of Leavenworth, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: On November 22, 1963, the defendant, Clarence Wolfe, Jr., a/k/a Jerry Wolfe, while serving a sentence in the Kansas State Penitentiary, at Lansing, was charged with the murder of George H. Douglass, an inmate of the penitentiary. Thereafter, the defendant was tried and convicted by a jury in Leavenworth County for murder in the first degree as defined in G. S. 1949, 21-401.

Following the trial, the defendant, by and through his attorney, filed a motion for a new trial which was considered by the district court on March 26, 1964, and overruled. On the same day, the court imposed sentence upon defendant pursuant to the provisions of G. S. 1949, 21-403, and sentenced him to confinement at hard labor at the Kansas State Penitentiary for life. This appeal was then duly perfected.

There are only two material issues presented before this court on appeal. They are: (1) Whether the district court erred in overruling defendant's motion to dismiss for lack of jurisdiction; (2) whether the district court abused its discretion in allowing testi-

mony of several witnesses to be read to the jury by the court reporter after the case had been submitted to the jury.

After the state had presented its evidence and rested, defendant moved to dismiss the information on the ground that no evidence had been presented showing the alleged offense was committed in Leavenworth County. Although the information filed in the case charged the offense was committed in Leavenworth County, Kansas, the evidence introduced by the state only went so far as to show the offense occurred within the Kansas State Prison. The defendant does not contend it would have been improper for the district court to have taken judicial notice of the location of the Kansas State Prison; however, he does contend the court did not in fact take such notice, and for that reason the motion to dismiss should have been sustained.

The district court, after hearing argument of counsel on the motion to dismiss, including the right of the court to take judicial notice of facts necessary to establish jurisdiction, stated:

". . . And it is my feeling that the question we have here would fall within the provisions of Section 60-409 (a), that being 'Judicial notice shall be taken without request by a party of . . . such specific facts and propositions of generalized knowledge as are so universally known that they cannot reasonably be the subject of dispute.'

"I think probably that's the question we have here."

Furthermore, the court, in ruling on defendant's motion for a new trial, and particularly that portion of the motion directed toward the judicial notice question, stated:

"As I recall, there was no real dispute as to whether the Court could or could not take judicial notice. The question was whether or not the Court did so. It is my recollection that there was no specific statement made by the Court that the Court was taking judicial notice, but the motion to dismiss the information was overruled, and I have concluded that in a situation such as that it isn't necessary for the State to ask the Court to reopen the case for the purpose of asking the Court to take judicial notice. It simply appears to be a question of procedure. It appears further that this is one of those matters that does involve a mental process, and after reflecting on it I have concluded that sufficient notice that the Court was taking judicial notice was given by the ruling on the motion. . . ."

It is unnecessary to decide whether the district court properly indicated it was taking judicial notice. This court is authorized under K. S. A. 60-412 (c) to take judicial notice of any matter specified in K. S. A. 60-409, whether or not judicially noticed by the court below. A consideration of the reasons underlying the matter of

judicial notice and its fundamental principles leaves little doubt as to its applicability here. The location of the Kansas State Penitentiary is a matter of everyday common information and experience, and one about which there can be no dispute. This court will take judicial notice that the Kansas State Penitentiary is located in Leavenworth County. See *State v. Booker,* 114 Kan. 438, 219 Pac. 255; *State v. Ragland,* 173 Kan. 265, 273, 246 P. 2d 276. Defendant's contention that the state's proof failed to show the crime was committed in Leavenworth County cannot be sustained.

The defendant also contends the court abused its discretion in allowing the testimony of seven witnesses to be read when the jury had originally requested the testimony of only two witnesses. The decision as to the request for the reading of additional testimony was made in the courtroom when the foreman was allowed to ask individual members of the jury what additional testimony, if any, they wanted read. The court granted five separate requests for additional testimony.

In this connection, the record discloses that no objection was made to the reading of the testimony by the court reporter at the time of the trial. Strictly speaking, therefore, defendant is not in a position to complain at this time. The approved practice of dealing with trial errors is to make timely objection to them as they arise. The purpose of objection is to call the attention of the trial court to errors being committed, so the court, as well as the opposing party, will be advised and have an opportunity to correct them. Counsel's silence may well be deemed a waiver of the right to raise the errors on appeal. (*State v. Pyle,* 143 Kan. 772, 57 P. 2d 93; *Boucher v. Roberts,* 187 Kan. 675, 359 P. 2d 830.)

Notwithstanding defendant's failure to object, this court has previously held it is not improper for the district court to allow the official court reporter to read in open court testimony of certain witnesses to refresh the memory of the jury. (*State v. Logue,* 115 Kan. 391, 223 Pac. 482; *City of Lyons v. Poindexter,* 186 Kan. 521, 350 P. 2d 787; and in civil cases *Cannon v. Griffith,* 3 Kan. App. 506, 43 Pac. 829; *Phillips v. Carlson,* 178 Kan. 206, 284 P. 2d 604.) This question is discussed in an exhaustive annotation at 50 A. L. R. 2d, 176-216. In *State v. Logue,* supra, it was said:

". . . The safeguards thrown around the reporter and the evidence which he has taken would, it would seem, furnish the most accurate means of reproducing evidence had upon the trial. Parties seeking to reproduce evidence could rely upon its accuracy more readily than on the witness' memory

of his exact statement. The defendant does not complain of any inaccuracy in the testimony, as read. No objection was made at the time the evidence was read to the jury. If testimony can be reproduced by a sworn officer of the court, especially, where there is no complaint of inaccuracy or partiality, there appears no sound reason why, under our liberal procedure, the case should, on that account, be reversed." (l. c. 393.)

The trial court must have discretion in determining how to best resolve the confusion or misapprehension of facts in the minds of the jury. Whether there are reasonable grounds for the jury's request for the evidence, whether the transcript made contains matter which ought not to be submitted to the jury, or of doubtful accuracy, whether certain parts of the testimony may be read without too great an inconvenience or loss of time in the trial of the case, and in such manner as will, with fairness to all parties, furnish the desired information to the jury, are all questions for determination of the trial judge. This discretion is an incident to the mode and manner of trial, and in the absence of flagrant abuse, should not be disturbed on appeal.

In the instant case no claim is made that in the reporter's reproduction of the testimony there was any inaccuracy or departure from the testimony of the witnesses given upon the stand. Moreover, it is not pointed out to us by the defendant wherein the jury was misled or confused by the action of the district court to his prejudice. This court has carefully examined the record, and we are of the opinion the district court committed no fundamental or prejudicial error in permitting such testimony to be read to the jury after its deliberation had begun.

Defendant's contention that the district court erred in admitting into evidence state's exhibits 1 through 6, drawings or sketches of cell house A of the Kansas State Penitentiary, and further erred in admitting into evidence state's exhibit 7, a three-quarter-inch piece of pipe, over defendant's objection, is without merit. The record discloses that evidence was introduced to identify the exhibits, and to lay a foundation for their admission. The district court was well within its discretionary power to accept such evidence at the trial.

We have thoroughly reviewed the record and find no reversible error. The judgment is affirmed.