No. 67,626

STATE OF KANSAS, *Appellee*, v. KYM E. MYERS, *Appellant*.

(872 P.2d 236)

Opinion filed April 15, 1994.

*Dennis Moore*, of Moriarty, Erker & Moore, of Overland Park, argued the cause, and *Kathleen L. Sloan*, of the same firm, was with him on the brief for appellant.

*JaLynn Copp*, assistant attorney general, argued the cause, and *Robert T. Stephan*, attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

SIX, J.: This case describes the nature of the duty imposed on the trial court by K.S.A. 22-3420(3) to read back testimony requested by a jury during deliberations. The issue is whether the trial court's failure to read back the requested testimony is reversible error. The Court of Appeals, in an unpublished opinion filed September 3, 1993, found reversible error and remanded for a new trial. We granted the State's petition requesting review of the read-back issue. The trial court's interpretation of K.S.A. 22-3420(3) is a determination of law which frames the issue on appeal; consequently, our standard of review is unlimited. *State v. Craig*, 254 Kan. 575, 578, 867 P.2d 1013 (1994). We conclude that the trial court's failure to respond meaningfully to the read-back request was an abuse of discretion.

## Facts

Kym E. Myers was convicted of one count each of sexual battery, K.S.A. 21-3517, and rape, K.S.A. 21-3502. D.M., a 17-year-old high school student, helped her mother clean Myers' law office. D.M. was cleaning the office alone. Myers maneuvered D.M. into his inner office, closed and locked the door, pulled her to the floor, and had sexual intercourse.

During deliberations, the jury presented the trial court with several questions. The following interchange occurred:

"THE COURT: Mr. Thomas, I have a note here from you. I presume you're the presiding juror.

"MR. THOMAS: Yes.

"THE COURT: Here's what we're going to do. I'm going to read the question you have and then I'll inquire is that your question and then I'll read the answer.

"Here's the question I have: Can we have written 1. Police reports (1) Detective Davis (2) Detective Edwards (3) Detective Moore or, 2. Copies of testimony of Detectives Davis, Edwards and Moore, 3. Dr. Logan's testimony. Then today's date and your signature. Is that your question?

"MR. THOMAS: That's the question.

"THE COURT: Okay. Here's your answer. The answer's no, please reread your instructions."

## The Court of Appeals' Opinion

The Court of Appeals noted that the record did not reflect "whether the defendant, his counsel, and the prosecuting attorney were present at the time the jury questions were asked and answered." The State does not argue waiver. Myers failed to object to the response to the jury's questions. The Court of Appeals reasoned that, even if the State had advanced such a claim,

"we would not be able to consider it because we would have to assume, without knowing, that the defendant and his counsel were present and were given the opportunity to object. The record does not indicate anything either way on that issue. We are not comfortable foreclosing an important issue based on assumptions."

The jury requested copies of the testimony of three detectives and Dr. William Logan. (The parties agreed that the written police reports had not been admitted into evidence.) The State called three detectives who had been involved in the investigation of D.M.'s complaint as witnesses. Each testified at length. Dr.

Logan was a defense witness who specialized in forensic psychiatry. Dr. Logan testified about his examination of D.M. and what he perceived to be the alternate causes for her emotional condition. The State had introduced testimony that D.M. was suffering from post-traumatic stress syndrome.

The Court of Appeals observed

"that the jury's question was somewhat confusing. It asked for copies of the testimony. We realize at that point no transcript or copies of the testimony existed and the jury's request could not be granted in a literal sense. The jury intended, by its question, to request a 'read-back' of the testimony identified.

"However, terms such as 'transcript' and 'read-back' are lawyer terms and a lay jury would not necessarily understand the terms. There is also no reason to assume the jury understood that no transcript is available until the court reporter transcribes the testimony taken in open court, that this transcription will not occur unless requested, and that the request for transcription usually occurs for appellate purposes after the trial is concluded and verdict returned. We can neither expect nor require lay jurors to speak proper legalese, nor can we expect them to ask questions in that format.

"We think a jury's request must be interpreted on a common-sense basis. What is obvious about this jury's request is that it wanted an opportunity to read or hear the requested testimony one more time before it reached a decision. It is far too simplistic to write off a jury's request as asking only for a transcript which was not available. At the very least, the trial court was obligated to make a meaningful response to the jury's question and advise it of its right to be given a read-back of the testimony."

The trial court's response to the jury's question was neither responsive nor helpful. Judge Lewis, speaking for the Court of Appeals majority, stated:

"We recognize that a trial court is granted with wide discretion in the manner in which it responds to a question from a jury. See *State v. Redford*, 242 Kan. 658, 667-68, 750 P.2d 1013 (1988). However, if our jury system is to be preserved, the response of the trial court should be meaningful and should at least relate to the request from the jury."

K.S.A. 22-3420(3) states:

"After the jury has retired for deliberation, if they desire to be informed as to any part of the law or evidence arising in the case, they may request the officer to conduct them to the court, where the information on the point of the law *shall* be given, or the evidence *shall* be read or exhibited to them in the presence of the defendant, unless he voluntarily absents himself, and his counsel and after notice to the prosecuting attorney." (Emphasis added.)

We stated in *Redford*, 242 Kan. at 667-68, that a trial court *is required* under K.S.A. 22-3420(3) to have testimony read back to the jury when the jury so requests. *The means* by which the court complies with a jury request is subject to its discretion. *Redford* is controlling. Any inference from *State v. Ruebke*, 240 Kan. 493, 511, 731 P.2d 842, *cert. denied* 483 U.S. 1024 (1987), suggesting that a trial court has discretion to deny a jury's request for a read-back is unwarranted. The *Ruebke* jury's request for a testimony read-back was granted. 240 Kan. at 511.

Additionally, the Court of Appeals reasoned that

"[w]hen the Code of Civil Procedure was rewritten in 1963, the relevant section became K.S.A. 60-248 (Corrick). From 1963 to 1976, 60-248(e) contained the same mandatory wording as is found in 22-3420(3). In 1976, the Supreme Court changed 60-248(e) by rule to read as follows:

'If after the jury has retired for deliberation, it desires further information as to any part of the law or evidence pertaining to the case, it may communicate its request through the bailiff to the court in such manner as directed by the court, following which the court, after notice to counsel for the parties, *may* consider and make such provision for a response to the request of the jury as the court finds to be required under the circumstances.' (Emphasis added.)

See K.S.A. 1992 Supp. 60-248(e).

"This change in the civil code was a clear departure from the mandatory, no-discretion language formerly employed in 60-248(e). As that statute now reads, a decision to allow a read-back of testimony requested by the jury in a civil case is clearly discretionary. This is a criminal case, and 60-248(e) has no application."

Finally, the Court of Appeals considered the question of prejudice, concluding:

"There are obviously points in the testimony of the witnesses which lean to the side of the prosecution and points at which that testimony could be construed as being beneficial to the defense. The value of this testimony was for the jury alone to judge. By denying the jury information to which it was entitled, the jury process was adversely affected. A keystone of criminal procedure in this country is the jury process, which is used to adjudicate guilt or innocence. Anything which adversely affects this process cannot possibly be beneficial. At this point, no one can say why the jury wanted the information or what it would have decided if it had gotten it. The jury process is too central to our system of criminal justice to permit it to be manipulated or compromised in any way. We find inherent prejudice to the defendant by the court's refusal to comply with 22-3420(3), and we reverse his conviction and remand the matter for a new trial for those reasons."

One member of the panel dissented. The dissenter concluded that: (1) clear prejudice was not shown by Myers, (2) Myers did not object to the trial court's response, and (3) the trial court's action was probably error, but not reversible error.

## Discussion

We adopt the language of the Court of Appeals quoted in our opinion. Our court's initial consideration of the issue focused on whether allowing a read-back using a court stenographer's notes would give testimony undue emphasis. In *State v. Logue*, 115 Kan. 391, Syl. ¶ 1, 223 Pac. 482 (1924), we found that reading testimony from a stenographer's notes was not error. *State v. Watie, Heard and Heard*, 223 Kan. 337, 341, 574 P.2d 1368 (1978), reasoned that if the jury requests to have testimony read, it is proper for the trial court to do so.

Two contemporary cases, *Ruebke* and *Redford*, deal with the read-back issue. In *Ruebke*, the deliberating jury

"asked eight questions about testimony given during the trial. Rather than reading back the testimony to the jury, the court replied with supplemental instruction No. 1:

'Ladies and Gentlemen of the Jury:

'The majority of the questions you have asked are general in nature relating to a great deal of information that was elicited in this case. I cannot answer the questions relating to the facts given to you. The jury is to act as a fact finder and the 12 of you need to communicate with each other to resolve the questions you have propounded to the Court.

'If you have a specific question with relation to the testimony of one witness' testimony we can have that specific portion of testimony re-read to you. If the court were to attempt to re-read the record to attempt to answer the questions you have asked, I fear that we would re-read most of the testimony in this trial.'

"The defendant did not object to the giving of the supplemental instruction at the time of trial." 240 Kan. at 510-11.

We applied the discretion standard to the facts, finding that the trial had lasted for nearly 3½ weeks, with voluminous testimony. The judge allowed a read-back of the jury's specific requests for testimony. There was no abuse of discretion by refusing to have large portions of the transcript read back to the jury. *Ruebke*, 240 Kan. at 511.

The *Redford* jury notified the court that it wished to have the testimony of Redford and his alleged victim, Donna, read when it began deliberations the next day. The court reporter had become ill after taking Donna's testimony and was absent when the jury requested the read-back. Redford's testimony could be read back by the substitute reporter who had taken it. The trial court decided that Redford's testimony should be read back although Donna's testimony was unavailable. Redford's attorney objected and moved for a mistrial. He believed the testimony needed to be read back in the order of presentation. Donna had testified before Redford. The judge stated it was up to the jury to inform the court that it did not want to continue deliberating until it heard Donna's testimony. The jury reached a verdict without having heard the read-back of Donna's testimony. *Redford*, 242 Kan. at 667. We applied K.S.A. 22-3420(3), stating that "a trial court is required to have testimony read back to the jury when the jury so requests". *Redford*, 242 Kan. at 667. Redford claimed that the jury wished to compare his testimony side-by-side with Donna's. We did not accept Redford's contention:

"The means by which the court complies with a jury request to have testimony read back is subject to its discretion. The issue thus is whether the trial court abused its discretion and the appellant was prejudiced thereby. We hold the trial court did not abuse its discretion under the facts of this case. The court's ruling was to the benefit of Redford since the jury was permitted to hear his explanation a second time, this time without the inculpatory accusations of the complaining witness. There is no showing of prejudice. This issue is thus without merit." *Redford*, 242 Kan. at 668.

K.S.A. 22-3420(3) states that the testimony "shall be read." A trial court is required to accede to a jury's request to read back testimony. We do not believe, however, that such a strict construction forecloses all trial court discretion as to the manner of acceding to the request. Both *Ruebke* and *Redford* are consistent in the view that the trial court has the discretion to control the read-back. The trial court is free to clarify the jury's read-back request where the read-back request is unclear or too broad, or the read-back would jeopardize the manageability of the trial. Discretion rests with the trial court to clarify and focus the jury's inquiry.

Does Myers' failure either to object or show prejudice require that his convictions be affirmed? The mandatory directive in K.S.A. 22-3420(3) moves the trial court's response out of the realm of discretion; consequently, Myers need not show prejudice. No discussion among the trial court and counsel concerning the merit of the jury's request is in the record. The presence of Myers or his counsel at the hearing on the request should not be implied. Myers has not waived his right to raise the issue on appeal. See *State v. Antwine*, 4 Kan. App. 2d 389, 401, 607 P.2d 519 (1980) (defendant's waiver of right to be present during a testimony read-back is not presumed when the record is silent).

The right to request a read-back is statutory. Even errors of constitutional importance can be deemed harmless if we are willing "to declare, beyond a reasonable doubt, that the error had little if any likelihood of changing the result of the trial." *State v. Bowen*, 254 Kan. 618, 630, 867 P.2d 1024 (1994). We can neither employ the "harmless error" rule nor ignore the explicit nature of K.S.A. 22-3420(3). It is possible that the testimony requested, particularly Dr. Logan's, could have changed the way the jury evaluated the facts.

We affirm the Court of Appeals' decision reversing the trial court and remand for a new trial.