No. 99,091

STATE OF KANSAS, *Appellee*, v. KEVIN LEROY GATLIN, *Appellant*.

(253 P.3d 357)

Review of the judgment of the Court of Appeals in an unpublished opinion filed March 6, 2009. Opinion filed June 24, 2011.

*Darrell L. Smith*, of Olathe, argued the cause and was on the briefs for appellant.

*Kristafer R. Ailslieger*, deputy solicitor general, argued the cause, and *Frederick B. Campbell*, county attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Kevin Gatlin appeals his conviction for intentional aggravated battery causing disfigurement under K.S.A. 21-3414(a)(1)(A), which arose out of a bar fight in which Gatlin bit off the tip of another man's thumb. Gatlin argues that the district judge erred in failing to instruct the jury on recklessness and the lesser included crimes of reckless aggravated battery under K.S.A. 21-3414(a)(2)(A) and (B). We reverse his conviction and remand to the district court for a new trial.

## FACTUAL AND PROCEDURAL BACKGROUND

George Hoffman and Gatlin were the combatants involved in a fight outside the Tradewinds Bar in Garnett, Kansas. The men's

stories vary on how the fight began and how Hoffman's thumb was severed.

Hoffman testified that he left the bar about 2 a.m. to look for his brother and Gatlin struck him in the temple without provocation. Hoffman pushed Gatlin away in an attempt to defend himself, at which point several other people tried to separate the two men. During the scuffle, Hoffman and Gatlin were "grappling or wrestling" when they both fell to the ground, and Hoffman's left thumb somehow ended up in Gatlin's mouth. While on the ground Gatlin was on top of Hoffman, straddling him, and Gatlin was holding down Hoffman's right arm with both of his own. Hoffman tried to pull his thumb out and push Gatlin off of him. Hoffman stopped struggling and pleaded with Gatlin to stop biting his thumb, at which point Gatlin bit Hoffman's thumb off with a "crazed look on his face." It took 5 to 10 seconds from the time he and Gatlin hit the ground until Hoffman's thumb injury occurred.

In contrast, Gatlin testified that, as he attempted to leave the bar, Hoffman and a woman were talking on the stoop outside the exit, blocking Gatlin's path. When the couple did not acknowledge him, Gatlin moved Hoffman out of the way by nudging him. Hoffman got mad and started pushing Gatlin. A shoving match ensued; Gatlin hit Hoffman; Hoffman swung back; and, as Gatlin ducked, Hoffman put him in a chokehold. At this point, Hoffman's thumb somehow ended up in Gatlin's mouth. The two men were positioned facing each other, and Hoffman increased the pressure on the chokehold, lifting Gatlin off the ground. Gatlin bit Hoffman's thumb in the hope that Hoffman would release him from the chokehold. At some point, the two men fell to the ground—Hoffman falling backward and Gatlin falling forward—and Gatlin's head "slammed" against the street, causing him to bite down and sever Hoffman's thumb.

Officer Kurt King responded to the fight at the bar. King testified that, when he arrived, Hoffman approached him and stated that Gatlin bit his thumb off, specifically pointing to Gatlin. Gatlin then told Officer King, "I bit his fucking finger off. Take me to jail." Gatlin admitted to making this statement to Officer King but explained that he did so to persuade Officer King to remove him

from the danger of the fight. Three more times throughout the police investigation that would follow, Gatlin admitted to biting someone's thumb off. At one point during the investigation, an officer was making a tape recording of Gatlin's statements and Gatlin bent down to the recorder to speak directly into it, stating that he "bit the guy's thumb off."

Gatlin was charged with intentional aggravated battery causing disfigurement under K.S.A. 21-3414(a)(1)(A), among other offenses. While both Hoffman and Gatlin testified on the first day of trial, Hoffman testified earlier, during the State's case-in-chief. Gatlin testified later, during the defense case.

The district judge discussed jury instructions with counsel five different times during trial.

At the conclusion of the State's case-in-chief on the first day, Gatlin requested a definition of recklessness with the lesser included offenses of aggravated battery under K.S.A. 21-3414(a)(2)(A) and (B), *i.e., reckless* aggravated battery that *did* or *could* have caused disfigurement or great bodily harm. Gatlin argued that the recklessness instructions were appropriate because a jury could decide that becoming intoxicated, getting into a fight, and holding someone's thumb in your mouth were reckless acts and that it would be foreseeable for the person's thumb to be bitten off. The district judge stated that instructing on reckless aggravated battery was not appropriate because biting someone's thumb seemed intentional, concluding that the only appropriate lesser included offenses would be *intentional* aggravated battery that *could* have caused disfigurement and *simple battery*. The judge did not finally rule on the instructions at this time, however.

At the end of the first day of trial, the district judge again discussed the propriety of instructions for the lesser offenses of *intentional* aggravated battery that *could* have caused disfigurement and *simple battery*. Gatlin did not renew his argument for recklessness-based lesser included offenses during this second discussion.

The district judge raised the subject of instructions a third time the following morning. Gatlin renewed his argument for the recklessness instruction and the recklessness-based lesser included of-

fenses. The district judge again said that the evidence suggested Gatlin's act was intentional and concluded that the requested instructions would not be given.

The district court reviewed jury instructions for a fourth time at the close of the defense case. The district court read the final version of the instructions to counsel for both parties, asking for additional proposed instructions and any objections. Gatlin did not object when the court read the aggravated battery instructions without the recklessness-based lesser included instructions.

After the State's rebuttal, the court discussed jury instructions for a fifth and final time, asking counsel if they had any objections before the court read the instructions to the jury. Gatlin's counsel answered no. The court thus gave lesser included instructions only on *intentional* aggravated battery that *could* have caused disfigurement and *simple battery*.

On appeal to the Court of Appeals from Gatlin's jury conviction for intentional aggravated battery causing disfigurement, the panel ruled that Gatlin failed to preserve the issue of failure to instruct on recklessness-based lesser included offenses. *State v. Gatlin*, No. 99,091, 2009 WL 596601, at *1-2 (Kan. App. 2009) (unpublished opinion). The panel thus applied a clearly erroneous standard. *Gatlin*, 2009 WL 596601, at *2. Gatlin argued that the district court erred by failing to give the two specific lesser included offense instructions, one for reckless aggravated battery under K.S.A. 21-3414(a)(2)(A) that *did* cause disfigurement or great bodily harm and one for reckless aggravated battery under K.S.A. 21-3414(a)(2)(B) that *could* have caused disfigurement or great bodily harm. The Court of Appeals held that there was no real possibility the jury would have reached a different result had the instructions been given, because "Gatlin did not show by his testimony and evidence that he had a conscious and unjustifiable disregard of the danger which would justify the giving of the two reckless aggravated battery instructions." 2009 WL 596601, at *3.

We granted Gatlin's petition for review.

## ANALYSIS

When an appeal turns on whether the district judge erred by

failing to instruct on a lesser included crime, our standard of review varies depending on whether the appealing party preserved the issue below.

We apply a clearly erroneous standard, "unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the objection." K.S.A. 22-3414(3). "Instructions are clearly erroneous only if the reviewing court is firmly convinced there is a real possibility that the jury would have rendered a different verdict if the error has not occurred." *State v. Vasquez*, 287 Kan. 40, Syl. ¶ 6, 194 P.3d 563 (2008).

When the issue has been preserved, we review the trial evidence in the light most favorable to the defendant. *State v. Jones*, 283 Kan. 186, 207-08, 151 P.3d 22 (2007); see *State v. Young*, 277 Kan. 588, 599-600, 87 P.3d 308 (2004); *State v. Boone*, 277 Kan. 208, 220-21, 83 P.3d 195 (2004). A district court must instruct the jury on lesser included crimes when there is some evidence that would reasonably justify a conviction of some lesser included crime. K.S.A. 22-3414(3). *State v. Foster*, 290 Kan. 696, 710, 233 P.3d 265 (2010). But an "instruction need not be given if the evidence would not have permitted a rational factfinder to find the defendant guilty" of the lesser offense. *Young*, 277 Kan. at 599. Generally, this court does not weigh evidence or determine the credibility of witnesses. *Hodges v. Johnson*, 288 Kan. 56, 65, 199 P.3d 1251 (2009).

In this case, Gatlin's counsel made two specific requests during trial for recklessness-based lesser included instructions, both times explaining the rationale behind the requests. It was not necessary for him to repeat what had become a fruitless exercise three more times in order to preserve the issue for appellate review. He had made his position clear to the district judge and given him ample opportunity to rule correctly. See *State v. Boyd*, 257 Kan. 82, 89, 891 P.2d 358 (1995). This situation is distinct from those in which a precise evidentiary objection must be contemporaneous with admission under K.S.A. 60-404. See *State v. King*, 288 Kan. 333, Syl. ¶ 5, 204 P.3d 585 (2009).

The pertinent language of K.S.A. 21-3414(a)(2)(A) and (B) defining reckless aggravated battery states that it is: "(A) recklessly causing great bodily harm to another person or disfigurement of another person; or (B) recklessly causing bodily harm to another person . . . in any manner whereby great bodily harm, disfigurement or death can be inflicted." Reckless conduct is "conduct done under circumstances that show a realization of the imminence of danger to the person of another and a conscious and unjustifiable disregard of that danger." K.S.A. 21-3201(c). To act recklessly, a defendant must know that he or she is putting others in imminent danger, *State v. Jenkins*, 272 Kan. 1366, 1375, 39 P.3d 47 (2002), but need not foresee the particular injury that results from his or her conduct. *State v. McCoy*, 34 Kan. App. 2d 185, 194, 116 P.3d 48 (2005) (citing *State v. Davidson*, 267 Kan. 667, 682-84, 987 P.2d 335 [1999]). By contrast, intentional conduct is purposeful, willful, and not accidental. K.S.A. 21-3201(b).

Viewing the evidence at trial in a light most favorable to Gatlin, a reasonable jury instructed on the elements of the two types of reckless aggravated battery and the definition of recklessness could have concluded that Gatlin engaged in reckless conduct and did not intentionally sever Hoffman's thumb. He may have chosen to continue biting Hoffman's thumb to persuade Hoffman to release the chokehold, knowing that this put Hoffman in danger and yet consciously disregarding that danger; or he may have chosen to allow Hoffman's thumb to remain in his mouth as the two men struggled, knowing but consciously disregarding the danger that they would lose their balance and hit the ground. Under Kansas' definition of recklessness, Gatlin need not have foreseen the specific harm that Hoffman suffered—losing the tip of his thumb. Although the circumstantial evidence supporting recklessness comes solely from the testimony of Gatlin, this is all that Kansas law requires before a lesser included crime instruction is warranted. See *State v. Johnson*, 290 Kan. 1038, 1042, 236 P.3d 517 (2010) (defendant entitled to instruction on theory of case even though evidence slight, supported only by defendant's testimony).

We acknowledge that there was also ample evidence at trial that the act of biting off Hoffman's thumb was intentional, but neither

the district judge's nor this court's task in this case is to weigh evidence or determine the credibility of witnesses. And there is no evidence so damning as to prevent a rational juror from believing that Gatlin's behavior was reckless rather than intentional.

Given all of the discussion above, we hold that the district court committed reversible error in refusing to instruct on the definition of recklessness and the recklessness-based lesser included offenses sought by Gatlin and his counsel. We therefore reverse the decision of the Court of Appeals, reverse Gatlin's aggravated battery conviction under K.S.A. 21-3414(a)(1)(A), and remand to the district court for a new trial.

DAVIS, C.J., not participating.
WILLIAM B. ELLIOTT, District Judge, assigned.