NOT DESIGNATED FOR PUBLICATION

No. 116,757

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MORGAN L. BOESCHLING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed December 29, 2017. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, assistant district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER and ATCHESON, JJ.

PER CURIAM: In a three-day trial, a jury sitting in Reno County District Court convicted Defendant Morgan L. Boeschling of one count of burglary, one count of theft, and two counts of unlawful possession of a firearm, all of which are felonies. On appeal, Boeschling complains the district court improperly answered a question from the jury about nullification, erroneously instructed the jury on the elements of burglary, and should not have given an instruction on accomplice testimony. We find no error and affirm the convictions and the resulting judgment.

1

Given the issues on appeal, the details of the crimes fade into the background. We offer a synopsis to place the appellate issues in context. The State charged Boeschling with pawning a handgun on July 9, 2015, and a rifle on July 20. Boeschling had been adjudicated for a juvenile offense that prohibited him from possessing firearms. For purposes of the appeal, Boeschling does not dispute the factual predicates for those charges. The State also charged Boeschling with burglary for breaking into a restaurant in Yoder on July 28 and taking money from a safe inside and with theft for stealing a pickup truck from a nearby repair shop.

When he was questioned by a Reno County Sheriff's Department detective, Boeschling essentially admitted to pawning the firearms and to burglarizing the restaurant. The detective confronted Boeschling with images from security videos showing him with a second person. Boeschling refused to identify the other person.

The case was tried over three days in mid-July 2016. The State separately charged Cody Osborn as a participant in the burglary of the restaurant and the theft of the truck. He pleaded guilty to burglary and theft charges before Boeschling's trial and testified as a defense witness at the trial. Osborn testified that he alone was responsible for those crimes and Boeschling, though present, actually attempted to dissuade him. Boeschling testified in his own defense and offered the jury an account that dovetailed with Osborn's testimony.

The jury convicted Boeschling of all four charges. The district court later sentenced Boeschling to a controlling prison term of 35 months and placed him on probation for 24 months, a presumptive disposition under the sentencing guidelines. Boeschling has timely appealed.

For his first issue on appeal, Boeschling says the district court incorrectly responded to a written question the jurors presented during their deliberations asking about nullification. The jurors posed several questions as they considered the case including this one regarding the firearms charges: "Can jury nolification [*sic*] be applied to Counts #3 and #4?" After consulting with the lawyers, the district court orally responded to the jurors in open court by telling them, "You took the oath as jurors at the start of the case to follow the law in the case that you were instructed by the case." Boeschling submits the district court's answer impermissibly impaired the "jury'[s] right" to render a nullification verdict and, in turn, deprived him of his right to a jury trial. He says the proper answer was an affirmative one.

We are unpersuaded and find the premise of the argument faulty. Nullification is the power of a jury in a criminal case to bring back a not guilty verdict even when the evidence and the law overwhelmingly demonstrate the defendant's guilt. *State v. McClanahan*, 212 Kan. 208, 213-14, 510 P.2d 153 (1973). Jury nullification's origins and justification reach back into legal antiquity. But a jury's ability to acquit a defendant whose guilt seems obvious based on the law and the evidence is not a right at all. It is an unbridled power afforded jurors in criminal cases that actually runs counter to any recognized right of either juries or defendants. 212 Kan. at 217; *State v. Trotter*, No. 114,743, 2017 WL 3668908, at *3 (Kan. App. 2017) (unpublished opinion) *petition for rev. filed* September 25, 2017.

The Kansas appellate courts have consistently recognized that the lawyers and the district court cannot discuss the power of nullification in the presence of a jury. *McClanahan*, 212 Kan. at 215-16; *State v. Stinson*, No. 112,655, 2016 WL 3031216, at *3 (Kan. App. 2016) (unpublished opinion) (Atcheson, J., concurring), *rev. denied* 306 Kan. ___ (September 28, 2017); *State v. Chambers*, No. 111,390, 2015 WL 967595, at *8-9 (Kan. App. 2015) (unpublished opinion) (citing with favor numerous federal and state court cases precluding discussion with or argument to jurors promoting

3

nullification), *rev. denied* 302 Kan. 1013 (2015). The district court may not instruct the jurors on nullification. See *State v. Naputi*, 293 Kan. 55, 65-66, 260 P.3d 86 (2011) (no right to nullification instruction, citing *McClanahan*); *McClanahan*, 212 Kan. at 215-16 (rejecting "'do what you think is fair'" jury instruction as promoting nullification verdicts). And a defense lawyer may not argue to jurors that they can bring back a not guilty verdict in spite of the law or the evidence. *Chambers*, 2015 WL 967595, at *8-9 (district court properly precluded defense counsel from arguing for jury nullification). In short, jury nullification is a silent presence in criminal cases and draws on a prerogative that ultimately runs counter to the genuine duty of jurors to render verdicts true to the evidence and the law notwithstanding their personal preferences or their perceptions of public sentiment.

A district court is obligated to respond in some way to a question from a deliberating jury and must endeavor to provide a "meaningful" answer. See *State v. Boyd*, 257 Kan. 82, Syl. ¶ 2, 891 P.2d 358 (1995); *State v. Jones*, 41 Kan. App. 2d 714, 722-23, 205 P.3d 779 (2009). A district court is afforded broad discretion in fashioning the content of an answer, so long as the answer is, in fact, responsive to the question and contains no legal misstatements. *Boyd*, 257 Kan. 82, Syl. ¶ 2; *State v. Ramey*, 50 Kan. App. 2d 82, 102, 322 P.3d 404 (2014).

The district court more than satisfied that standard in crafting its response to the jury's question. The answer addressed the question in a meaningful way, although it imparted an indirect response. The answer reminded the jurors of their duty to apply the law to the evidence in coming to a verdict—an obviously correct statement of a relevant legal principle. Conversely, a categorically affirmative answer would be counter to *McClanahan* and the other authority we have cited. In *State v. Smith-Parker*, 301 Kan. 132, 163-64, 340 P.3d 485 (2014), the court found a jury instruction directing conviction if all of the elements of the crime have been proved—using the mandatory word "will" rather than the more conditional "should"—to be erroneous because it "forbade" the

jurors from engaging in nullification. Based on *Smith-Parker*, we suppose a categorically negative answer also would have been error by forbidding nullification. The district court properly navigated a reasoned course between those extremes by neither endorsing nullification nor precluding it.

We see no error on this point.

Boeschling next argues the district court used an erroneous instruction to identify the elements of burglary. The instruction stated:

> "In Count One Morgan Boeschling is charged with the crime of burglary. He pleads not guilty.
>> "To establish this charge, each of the following claims must be proved:
>> 1.  That Morgan Boeschling *knowingly* entered or remained within a building, which is not a dwelling, Bullseye Burger at 3408 E. Red Rock Road, Yoder, Kansas;
>> 2.  That Morgan Boeschling did so without authority;
>> 3.  That Morgan Boeschling did so with the intent to commit a theft therein; and
>> 4.  That this act occurred on or about 28th day of July, 2015, in Reno County, Kansas.
>> "The elements of theft are set forth in Instruction No. 8.
>> "The state must prove that Morgan Boeschling committed the crime of burglary knowingly. A defendant acts knowingly when the defendant is aware of the nature of his conduct that the State complains about." (Emphasis added.)

Boeschling contends the use of the word "knowingly" in the first element effectively converts burglary from a specific intent crime to a general intent crime to his detriment. Neither the statute criminalizing burglary nor the pattern jury instruction outlines the elements that way. See K.S.A. 2016 Supp. 21-5807(a); PIK Crim. 4th 58.120 (2016 Supp.).

But the insertion of "knowingly" simply suggests that Boeschling had to enter the restaurant purposefully or with some cognizance of what he was doing. What makes burglary a specific intent crime is the third element. A burglar must enter with the intent to commit a felony, a theft, or a sexually motivated crime within the building. K.S.A. 2016 Supp. 21-5807(a)(2). Some other intent—say, to spray paint graffiti on a wall— wouldn't make the intruder a burglar. He or she presumably would be a trespasser committing misdemeanor criminal damage to property. The instruction the district court used did not permit the jury to convict Boeschling for having a generic intent or reason for entering the restaurant. The jury had to be convinced by the evidence he did so to commit a theft. And if he were going into the restaurant to steal something, his entry necessarily would be made knowingly rather than accidentally or aimlessly. The insertions of "knowingly" neither adds to nor detracts from the legal substance of the jury instruction.

Although "knowingly" may be a superfluous word in the instruction, that's all it was. It did not change what the State had to prove to the jury to convict. Jury instructions shouldn't contain extraneous or vestigial wording. But superfluous does not equate to prejudicial. See *State v. Miller*, No. 109,716, 2015 WL 3632029, at *6 (Kan. App. 2015) (unpublished opinion) (superfluous jury instruction may be "legal clutter" but "seldom would cause actual prejudice to one side or the other"), *rev. denied* 303 Kan. 1080 (2016). Here, the instruction caused Boeschling no legal harm, so he is entitled to no legal remedy.

For his final point, Boeschling contends the district court erred in giving the jury an instruction on weighing testimony from an accomplice. The district court gave an instruction conforming to PIK Crim. 4th 51.090 (2013 Supp.): "An accomplice witness is one who testifies that he was involved in the commission of the crime with which the defendant is charged. You should consider with caution the testimony of an accomplice." Here, on the State's theory of the case, Osburn was an accomplice who participated with

Boeschling in the burglary of the restaurant and the theft of the truck. See *State v. Todd*, 299 Kan. 263, 271, 323 P.3d 829 (2014).

An accomplice typically testifies for the State and implicates the defendant in the crime and commonly receives a reduced sentence or some other accommodation in exchange for his or her cooperation. In this case, however, Osburn was a defense witness, and his testimony, if believed, would tend to exculpate Boeschling. There is, perhaps, less justification for an accomplice instruction in this less common circumstance, but Kansas authority supports use of the instruction whether the purported accomplice inculpates or exculpates the defendant. See *State v. Rodarte*, No. 102,132, 2011 WL 1814709, at *2-4 (Kan. App. 2011) (unpublished opinion). The Kansas Supreme Court thoroughly aired the ramifications of instructing juries on accomplice testimony in *State v. Anthony*, 242 Kan. 493, 498-502, 749 P.2d 37 (1988). The court found no error in giving the instruction over a defense objection when the defendant has called a witness who arguably could have been an accomplice on the facts but offered testimony implicating himself or herself in the crime while exonerating the defendant. 242 Kan. at 502 ("We adopt the minority view that a cautionary instruction on accomplice testimony is proper in all circumstances where an accomplice testifies."). The court revisited the issue in *State v. Smith*, 296 Kan. 111, 128-29, 293 P.3d 669 (2012), and adhered to the rule in *Anthony*. Both *Smith* and *Anthony* undercut Boeschling's argument.

Having examined the three issues Boeschling has raised on appeal, we find no basis to upset the jury verdicts or the district court's judgment of conviction.

Affirmed.